IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT T. PENNINGTON,

                Plaintiff,         Case No. 3:08 CV 2215

-vs-

                            MEMORANDUM OPINION

LAKE LOCAL SCHOOLS
BOARD OF EDUCATION ,

                Defendant.

KATZ, J.

      This case is before the court on the: (1) Notice of Dismissal filed by Plaintiff Scott T. Pennington ("Plaintiff") under Fed. R. Civ. P. 41 ("Rule 41") (Doc. 13), which Defendants Lake Local Schools Board of Education ("Lake Local"), James Witt, and David Shaffer (collectively "Defendants") oppose (Doc. 16); and (2) Defendants' Motion for Summary Judgment (Doc. 15), which Plaintiff opposes (Doc. 23).

      For the reasons below, the Court denies Plaintiff's Notice of Dismissal for failure to meet the requirements under Rule 41(a)(1). (Doc. 13). However, in the interest of fairness, this Court will use its discretion under Rule 41(a)(2) to grant a dismissal without prejudice. As a result, Defendants' Motion for Summary Judgment is moot. (Doc. 15).

**I. Background**

      On September 19, 2008, Plaintiff filed the above-captioned action against Defendants under 42 U.S.C. § 12131 *et seq*. (Americans with Disabilities Act or "ADA"), 29 U.S.C. § 794, and the First and the Fourth Amendments to the U.S. Constitution. In the Complaint and accompanying Motion for Temporary Restraining Order ("TRO"), Plaintiff alleged that Defendants violated the

ADA, the First Amendment, and Due Process when Defendants banned Plaintiff for one year from all athletic events based on his conduct at previous Lake Local athletic events. (*See* Doc. 1, 2).

Plaintiff's original Complaint included a motion for a TRO to prevent Defendants from enforcing the action banning Plaintiff from athletic events. (Doc. 2). On October 16, 2008, the Court denied Plaintiff's motion for the TRO because Plaintiff failed to show a likelihood that he would succeed on the merits. (Doc. 10, 11).

Defendants claim that their decision on July 8, 2008 to suspend Plaintiff from all Lake Local athletic events for one year was because Plaintiff was disruptive at a Lake Local athletic event. Plaintiff's son played for the Lake Local High School baseball team, which, on July 5, 2008, was engaged in a ballgame against a neighboring team. Upset that his son was not playing a particular position, Plaintiff approached the team coach during the game and inquired as to whether his son was being punished. A harsh exchange of words took place with the coach. After the game, another exchange took place in the parking lot with Plaintiff, the coach, another parent, Plaintiff's son, and one of Plaintiff's son's teammates. (*See* Doc. 10, Memorandum and Opinion denying Motion for Temporary Restraining Order, for a full recitation of the background facts of this case).

Following this Court's denial of the TRO (Doc. 10, 11), on November 20, 2008, Plaintiff filed a notice of dismissal under Fed. R. Civ. P. 41(a)(1) (Doc. 13), which Defendants now oppose (Doc. 16). Defendants filed a Motion for Summary Judgment (Doc. 15) which Plaintiff opposes (Doc. 23).

**II. Discussion**

    **A. Dismissal by Plaintiff**

2

Dismissals pursuant to 41(a)(1) are, by default, voluntary and without prejudice. Rule 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice"). There are two avenues for voluntary dismissal by Plaintiff: (1) under Rule 41(a)(1)(A)(i) before the defendant files an answer to a complaint, or (2) after the defendant files an answer but where all of the defendants stipulate to the dismissal under Rule 41(a)(1)(A)(ii).

### 1. Prior to filing the Answer

Plaintiffs have a right to dismiss pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) prior to defendants filing either an answer or motion for summary judgment. The Sixth Circuit has held that when dismissals are filed in this manner, "the court has no discretion to deny such a dismissal. However, once the defendant files an answer or a motion for summary judgment, plaintiff loses this right." *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993).

Plaintiff has lost this right here because he filed his Notice of Dismissal on November 20, 2008 and Defendants had already filed an answer on November 4, 2008. Therefore, 41(a)(1)(A)(i) does not apply because Plaintiff did not serve the notice of dismissal prior to Defendants' answer.

### 2. Stipulation of all parties

Dismissal after the defendant has filed an answer is permissible, but only if all the defendants stipulate to the dismissal. Under 41(a)(1)(A)(ii), "as a general rule a stipulation should not be construed as a stipulation that disposes of the entire case unless there is an unequivocal statement by the parties that it was so intended." *Vuitton et Fils, S.A. v. J. Young Enterprises, Inc.*, 609 F.2d 1335, 1337 (9th Cir. 1979); *Green v. Nevers*, 111 F.3d 1295 (6th Cir. 1997) (holding that a stipulation that did not contain the signature of every party with an interest in the outcome of a case was not valid to dismiss by stipulation).

Plaintiff argues that prior to Plaintiff's Notice of Dismissal, communications between the parties indicated that Defendants were in favor of voluntary dismissal and willing to stipulate to it. For example, Defendants sent a letter on November 6, 2000 (fourteen days before Plaintiff filed the Notice of Dismissal) stating that the denial of the TRO "should have resulted in a voluntary dismissal of the complaint.  On Lake Local's behalf, we again reiterate our demand that plaintiff dismiss the case."  (Doc. 23, Exhibit 2)  Additionally, in an email Defendants said "thank you for agreeing to dismiss the suit." (Doc. 23, Exhibit 4); (*See also* Doc 23, Exhibits 5, 7, & 14) (Emails and letter exchanges between counsels regarding voluntary dismissal).

However, after Plaintiff filed a notice of dismissal, Defendants filed a memorandum opposing voluntary dismissal and a motion for summary judgment.  (Doc. 21).  They stated that "once it became clear that plaintiff simply wanted to proceed in another forum, defense counsel openly objected based on the fact that this Court already had a record on which to determine the case on summary judgment . . . ."  (Doc. 21 at 2).

Thus, while there existed a time when Plaintiff and Defendants agreed that a voluntary dismissal was appropriate, by the time Plaintiff filed the Notice of Dismissal, Defendants were unwilling to sign a stipulation and adamantly opposed the grant of dismissal. (Doc. 21).   Although Defendants wanted a dismissal at one time, ultimately the only material issue under 41(a)(1)(a)(ii) is whether Defendants unequivocally stipulated to the dismissal at the time of Plaintiff's filing.  This Court cannot construe the letter and email exchanges as an unequivocal stipulation.  The matter, therefore, is not properly dismissed by stipulation of all parties.

**B. Dismissal by the Court**

Although 41(a)(1) does not entitle Plaintiff to a dismissal, this Court will now consider a dismissal under Fed. R. Civ. P. 41(a)(2), which allows for dismissal "on terms that the court considers proper," and allows for judicial discretion. The matter is well-defined by the Sixth Circuit:

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.
> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted). The Sixth Circuit treats *Grover* as a guide to determining if unfairness exists, but the list is "not an exclusive or mandatory list." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. App'x. 498, 502 (6th Cir. 2007).

### 1. Avoiding unfair treatment

In this case, Defendants repeatedly and strongly urged Plaintiff to dispose of the case by voluntary dismissal up until Plaintiff actually filed that notice. (*See* Doc. 23, Exhibit 2); (*See also* Doc. 4, 5, 7, & 14). While this Court is cognizant that legal strategies are not set in stone, Defendant's advocacy for voluntary dismissal days before Plaintiff filed for that dismissal precludes Defendants from arguing that they would suffer plain legal prejudice if the case were dismissed.

Defendants' change of position regarding supporting the dismissal seems to be due to receiving notice that Plaintiff had filed a complaint with the Ohio Civil Rights Commission

("OCRC") between the time Defendants last supported the dismissal and the time Defendants began to oppose dismissal. This fact brings up an issue of fairness – specifically, whether Defendants thought that voluntary dismissal would be the end to Plaintiff's legal action. Defendants strongly urged Plaintiff to dismiss the action voluntarily many times. As previously discussed, voluntary dismissals by plaintiffs are always without prejudice. See Fed. R. Civ. P. 41(a)(1)(B). Therefore, Defendants were on notice that a new action could be filed in this Court, in an Ohio court, or in an Ohio administrative agency after Plaintiff agreed with their request to file a voluntary dismissal.

The mere possibility of another suit in another forum does not itself make dismissal of this suit without prejudice unfair. *Rosenthal,* 217 F. App'x. at 502 ("[T]he possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit") (quoting *Davis v. USX Corp*., 819 F.2d 1270, 1275 (4th Cir. 1987)). Further, "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Id*. (quoting *Am. Nat'l Bank and Trust Co. of Sapulpa v. Bic Corp*., 931 F.2d 1411, 1412 (10th Cir. 1991)). *See also e.g., Garner v. Missouri-Pacific Lines*, 409 F.2d 6, 8 (6th Cir. 1969); *Olsen v. Muskegon Piston Ring Co.*, 117 F.2d 163 (6th Cir. 1941).

### 2. Defendant's efforts and expenses

This Court is cognizant that Defendants have expended time, effort, and expense in moving this case forward. However, nothing in the record indicates that these expenditures have been excessive or unexpected. Defendants admit that they intentionally did not engage in extensive fact-finding efforts because they assumed that the Court would rely on facts from the TRO hearing. This case has been before the Court for less than a year, the Court is not aware of any exceptional

6

discovery efforts, and the record does not reflect any extraordinary effort to produce excessive motions and memoranda. In fact, Defendant filed the motion for summary judgment well after Plaintiff expressed a desire for voluntary dismissal.

In *Rosenthal,* the Sixth Circuit found that the defendants could transfer all their work to the new court in which plaintiff wanted to file. 217 F. App'x at 502-03. Likewise, Defendants here can utilize the material they have prepared for this case in the OCRC action or any later state or federal action. Thus, while this Court is sensitive to the fact that Defendants have expended effort in the defense of this case, a dismissal without prejudice is not unfair and will not cause them to suffer plain legal prejudice.

### 3. Plaintiff's excessive delay or lack of diligence

There is nothing in the record to indicate that there has been any delay or lack of diligence on the part of Plaintiff in prosecuting the action.

### 4. Insufficient explanation for the need for dismissal

Plaintiff's Notice of Dismissal offered a sufficient explanation for the dismissal. The notice stated that Plaintiff was "unable to continue litigating" and desired "to attempt to resolve the issues in a less adversarial forum." (Doc. 13). The Court assumes that being "unable to continue . . ." is a reference to being unwilling or unable to expend the time and money necessary to continue litigating the case in this venue. The Court finds this to be a logical, reasonable, and acceptable explanation for the need for dismissal.

### 5. Effect of motion for summary judgment on the dismissal

On December 23, 2008, Defendants filed their first dispositive motion: one for summary judgment. However, Plaintiff filed his Notice of Dismissal more than a month earlier, on November

20, 2008, which was around the time Defendants encouraged Plaintiff to voluntarily dismiss the case. Therefore, the Court is left with no indication that the dismissal was an attempt to avoid judgment on the merits. In expounding on the *Grover* list, the Sixth Circuit has stated that "the existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice." *Rosenthal*, 217 Fed. App'x at 502. Thus, Defendant's motion for summary judgment, filed *after* the dismissal and under these circumstances, does not indicate that Defendants will suffer plain legal prejudice if the Court dismisses the matter.

Defendants argue that the case is ready for summary judgment and efficiency is best served by adjudication on the merits based on the findings of fact this Court made to rule on the TRO. (Doc. 21 at 3-4, incl. n.1). However, "the findings of fact and conclusions of law made by a district court in granting a preliminary injunction are not binding at trial on the merits." *Anderson v. Kelley*, 12 F.3d 211 (6th Cir. 1993); *see also Surber v. United States*, 285 F.Supp. 775 (S.D. OH 1968) ("The grant or denial of a preliminary injunction is not an adjudication of ultimate rights and does not foreclose further consideration at the trial on the merits of any question presented").

**III. Conclusion**

For the reasons stated herein, the Court denies Plaintiff's Notice of Dismissal under Rule 41. (Doc. 13). The Court denies as moot Defendant's motion for summary judgment. (Doc. 15). The Court dismisses this case without prejudice.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE